**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Diversity Logistics LLC, | No. CV-20-01035-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Hebson Insurance Agency Incorporated, | |
| Defendant. | |

Plaintiff Global Diversity Logistics LLC ("GDL") ships high-value cargo.  GDL asked Defendant Hebson Insurance Agency Incorporated ("Hebson"), a licensed insurance agent with whom GDL had previously worked, to find appropriate insurance to protect its shipments.  Specifically, GDL sought protection for electronics, including capital equipment.  Hebson in turn worked with non-party Logistiq Insurance Solutions ("Logistiq") to procure a suitable policy.  Logistiq administered the policy as the broker and accepted GDL's premium payments.  GDL asked Hebson to confirm that the policy covered capital equipment and Hebson responded with an unequivocal yes.  Thereafter, GDL suffered two discrete losses of capital equipment and made claims with its insurer.  The insurer denied both claims, however, because the damages items were not "Trade Show Equipment."  (Doc. 19-6.)

GDL brought this action alleging, *inter alia*, a professional negligence claim against Hebson.  GDL alleges that it relied on Hebson's special knowledge of insurance policies,

that Hebson owed a duty to act with care typical of that exercised by insurance agents with such knowledge, and that Hebson breached that duty by failing to obtain proper insurance for GDL and by falsely assuring GDL that its policy covered capital equipment.

Under Arizona law, a plaintiff who brings an action against a licensed professional must certify "whether or not expert opinion testimony is necessary to prove the licensed professional's standard of care or liability for the claim." A.R.S. § 12-2602(A). If the plaintiff certifies that expert opinion testimony is not necessary, but the defendant licensed professional disagrees, the defendant may move the court for an order requiring the plaintiff to obtain and serve a preliminary expert opinion affidavit. *Id.* at (D). If the court concludes that expert testimony will be needed, it must set a date and time for the plaintiff to comply. *Id.* at (E). If the plaintiff fails to do so, the court must dismiss the case without prejudice. *Id.* at (F).

In Arizona, "[a]n insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance." *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388, 402 (Ariz. 1984) (citation and quotation omitted). In a case alleging a breach of this duty, "proof of the standard of care . . . may require expert testimony at trial." *Id.* at 403. Consistent with § 12-2602(A), GDL certified that expert opinion testimony will not be necessary to prove Hebson's standard of care or liability for the claim. Hebson, however, disagrees and moves the Court for an order requiring GDL to produce a preliminary expert opinion affidavit. (Doc. 17.)

GDL argues that this is a case of gross negligence—Hebson unequivocally represented to GDL that its insurance policy covered losses that it evidently does not cover. As such, GDL argues it will be so obvious to a jury that Hebson's conduct falls below any reasonable standard of care that expert opinion testimony is not needed to establish that standard or to prove that Hebson fell below it. (Doc. 19.) The Court disagrees. Hebson persuasively argues that this case is more complicated because Hebson did not directly procure the relevant policy and, instead, acted as an intermediary between GDL and

Logistiq.  Moreover, Hebson notes that the reason why GDL's insurance claims were denied are not as clear as GDL contends because the insurance denial letters indicate that the losses were not covered because they were not trade show equipment, but do not mention capital equipment.  Under these circumstances, a jury likely will be considering more complicated issues of duty, breach, and causation and the testimony of an expert will be necessary to help the jury navigate these issues.  Accordingly,

**IT IS ORDERED** that Hebson's motion (Doc. 17) is **GRANTED**.  GDL shall obtain and serve a preliminary expert opinion affidavit by no later than **January 15, 2021**.

**IT IS FURTHER ORDERED** that the stay of this matter is lifted.

Dated this 3rd day of December, 2020.


Douglas L. Rayes
United States District Judge